FILED '08 APR 28 12:23 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOTON RAY SMITH,

        Petitioner,        Civil No. 08-189-CL

        v.        REPORT AND RECOMMENDATION

BOARD OF PAROLE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner pro se filed a "Memorandum" (#1) which the court construed as a petition for habeas corpus under 28 U.S.C. 2254.

    A petition or motion for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. See, 28 U.S.C. §§ 2241(c), 2254(a), 2255.; see also, Chacon v. Wood, 36 F.3rd 1459, 1462 (9th Cir. 1994) (habeas corpus petition not moot based solely on petitioner's subsequent release from custody). The custody requirement is satisfied

1 - REPORT AND RECOMMENDATION

if an un-incarcerated petitioner is subject to restraints not shared by the public generally. See, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (release prior to service of sentence); Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (release on parole).

An expired or completely served sentence does not meet the in custody requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences. See, Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (consecutive sentences); Malenge v. Cook, 490 U.S. 488, 491-92 (1989)(per curiam) (basis for later enhancement).

In this case, petitioner seeks to challenge two October 29, 1989 convictions for which he was sentenced to "two five year sentences." Petition (#5) p. 1. The sentences were apparently concurrent sentences. Id., p. 14.

Petitioner acknowledges that his sentence on the conviction he challenges in this proceeding has been completely served and has expired. Petitioner is apparently claiming that his present incarceration is based on a sentence that was enhanced based on the 1989 convictions and sentence. See, Petition (#5), p. 6 and 9.

As explained above, as subsequent sentence enhancement does not satisfy the "in custody" requirement for purposes of challenging a conviction or sentence pursuant to 28 U.S.C. § 2254.

2 - REPORT AND RECOMMENDATION

Therefore, based on the allegations of the petition before the court, petitioner is not in custody for purposes of challenging the conviction he seeks to challenge in this proceeding.

In addition, petitioner alleges that he has "filed habeas corpus on this same case just about on every violation of at least five times since 2004," and, that he has "been arrested "over 20 times since this case maxed out." Petition (#5) p. 13-14. Petitioner also alleges that "all grounds have been presented in all courts both state and federal." Id., p. 12.

Petitioner has not obtained permission from a three-judge panel of the court of appeals to file a second or successive petition. 28 U.S.C. § 2244(b).

By Order (#8) entered March 11, 2008, petitioner was allowed 30 days to show cause in writing why this proceeding should not be dismissed on the ground that he is not in custody for purposes of 28 U.S.C. § 2254 and has not obtained certification under 28 U.S.C. § 2244(b) to proceed with a second or successive petition.

On April 25, 2008, petitioner filed an "order" (#14). Petitioner's "Order" does not address either of the issues raised in the court's order to show case.

Based on the foregoing, petitioner's "Memorandum" [Petition] (#1) should be denied.[1] This proceeding should be

---

[1]Given the time frames alleged in petitioner's petition, the statute of limitations is also problematic. However, in view of the other threshold issues, it is not necessary to address the

3 - REPORT AND RECOMMENDATION

dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 28 day of April, 2008.

                                      Mark D. Clarke
                                      United States Magistrate Judge

---

statute of limitations issue.

4 - REPORT AND RECOMMENDATION